### PORTER v TOLEDO WIMSETT FINANCE & THRIFT CO

Ohio Appeals, 6th Dist, Lucas Co

No 2701. Decided Jan 23, 1933

George A. Bassett, Toledo, for plaintiff in error.

Farber & Cochrane, Toledo, for defendant in error.

RICHARDS, J.

The judgment rendered in the Court of Common Pleas was reversed by this court on January 16, 1933, and the case remanded for a new trial. Counsel for plaintiff in error asks the court to define more clearly whether defendant acted in good faith in taking and retaining possession of the automobile. That is not a matter for this court but for the jury.

The order of the Municipal Court to return the automobile was a nullity because made long after the disposition of the case in that court and after that court had lost jurisdiction. The defendant mortgagee was entitled to hold the automobile under the terms of the chattel mortgage, which was in default, and it would be futile to return the automobile when the replevin case was dismissed because it could immediately regain possession under the chattel mortgage.

The case was tried on a second amended petition which alleges that the defendant wrongfully obtained possession of the automobile and unlawfully converted it. These averments were not sustained by the evidence for the reason that the defendant had the right to possession and had a right to sell the property under the terms of the chattel mortgage. The sale, to be sure, should have been made within a reasonable time. The manager of the company testified that the sale was made in July, 1929. A typewritten paper, purporting to be a copy of the bill of sale from the defendant company to Robert Roach, claimed by the plaintiff to be a certified copy but not in fact so certified, was received in evidence. That copy bears date of July 8, 1930. It was for the jury to ascertain the true date on which the automobile was sold. The second amended petition contains no averment of an unreasonable delay in making the sale. If the sale was made July 8, 1930, it was after the second amended petition was filed. True, the reply avers the sale was made in 1930, but the reply must be treated as denied.

Application for rehearing denied.

LLOYD and WILLIAMS, JJ, concur.